UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-24062-BLOOM/Otazo-Reyes

ROBERTO CARDELLE, and
GEORGINA CARDELLE,

    Plaintiffs,

v.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Scottsdale Insurance Company's ("Defendant") Motion to Dismiss, ECF No. [7] ("Motion"), filed on December 3, 2021. Plaintiffs Roberto Cardelle and Georgina Cardelle ("Plaintiffs") filed a Response in Opposition, ECF No. [8] ("Response"), to which Defendant replied, ECF No. [11] ("Reply"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I.  BACKGROUND**

On September 15, 2021, Plaintiffs filed this lawsuit against Defendant in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. *See* ECF No. [1-2] at 4. In the Complaint, Plaintiffs assert one count of breach of contract against Defendant. *See id.* at 6. Plaintiffs claim that Defendant failed to comply with the homeowners insurance policy that was in effect on March 20, 2020. *See id.* at 5, ¶¶ 9, 13. On November 18, 2021, Defendant removed the case to this Court. *See* ECF No. [1].

In the instant Motion to Dismiss, Defendant claims that prior to filing the Complaint, Plaintiffs did not provide the Department of Financial Services with a written Notice of Intent to

Initiate Litigation ("Notice"). *See* ECF No. [7] at 1, ¶ 3. Defendant argues that Plaintiffs, therefore, failed to comply with all conditions precedent prior to filing the lawsuit, and that the Court must dismiss the case without prejudice pursuant to Fla. Stat. § 627.70152. *See id.* at 4. Plaintiffs respond that the Court should not retroactively apply Fla. Stat. § 627.70152 to insurance policies that started before July 1, 2021, when the statute became effective. *See generally* ECF No. [8]. Defendant's Reply followed. *See generally* ECF No. [11].

## II.  LEGAL STANDARD

### A. Relevant Pleading Standards

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Further, "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c); *see also Honick v. Ace Ins. Co. of the Midwest*, No. 2:21-CV-637-SPC-NPM, 2021 WL 4804446, at *1 (M.D. Fla. Oct. 14, 2021) (citing *EEOC v. Klingler Elec. Corp.*, 636 F.2d 104, 106-07 (5th Cir. Feb. 5,

1981)).[1] "A general averment that 'all conditions precedent to the institution of this lawsuit have been fulfilled' is quite adequate for pleading purposes." *Klingler*, 636 F.2d at 106 (citations omitted).

### B. Relevant Statutes

Florida Statute § 627.70152(3) states, in relevant part:

**(3) Notice.--**

(a) As a condition precedent to filing a suit under a property insurance policy, a claimant must provide the department with written notice of intent to initiate litigation on a form provided by the department. Such notice must be given at least 10 business days before filing suit under the policy, but may not be given before the insurer has made a determination of coverage under s. 627.70131. Notice to the insurer must be provided by the department to the e-mail address designated by the insurer under s. 624.422. The notice must state with specificity all of the following information:

1. That the notice is provided pursuant to this section.
2. The alleged acts or omissions of the insurer giving rise to the suit, which may include a denial of coverage.
3. If provided by an attorney or other representative, that a copy of the notice was provided to the claimant.
4. If the notice is provided following a denial of coverage, an estimate of damages, if known.
5. If the notice is provided following acts or omissions by the insurer other than denial of coverage, both of the following:
    a. The presuit settlement demand, which must itemize the damages, attorney fees, and costs.
    b. The disputed amount.

    Documentation to support the information provided in this paragraph may be provided along with the notice to the insurer.

(b) A claimant must serve a notice of intent to initiate litigation within the time limits provided in s. 95.11. However, the notice is not required if the suit is a counterclaim. Service of a notice tolls the time limits provided in s. 95.11 for 10 business days if such time limits will expire before the end of the 10-day notice period.

---

[1] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

Fla. Stat. § 627.70152(3). Further, § 627.70152(5) states, in relevant part:

> (5) **Dismissal of a suit.**--
>
> A court must dismiss without prejudice any claimant's suit relating to a claim for which a notice of intent to initiate litigation was not given as required by this section or if such suit is commenced before the expiration of any time period provided under subsection (4), as applicable.

Fla. Stat. § 627.70152(5).

### III.   ANALYSIS

In the instant Motion to Dismiss, Defendant argues for dismissal without prejudice pursuant to Fla. Stat. § 627.70152 because Plaintiffs failed to comply with all conditions precedent prior to filing the lawsuit. *See* ECF No. [7] at 4. Plaintiffs respond, relying on *Menendez v. Progressive Exp. Ins. Co., Inc.*, 35 So.3d 873 (Fla. 2010), and contend the Court should not retroactively apply Fla. Stat. § 627.70152 to insurance policies that were issued before July 1, 2021. *See* ECF No. [8] at 15-16. Defendant relies that *Menendez* is inapposite because *Menendez* involved a statute regarding no-fault insurance policies with rights that are vested upon issuance of the policies. *See* ECF No. [11] at 5. The instant case involves an entirely different statute regarding insurance policies with rights that are not vested upon issuance of the policies. *See id*. Defendant cites *Jerome, et al. v. Homeowner's Choice Property & Casualty Ins. Co., Inc.*, Case No.: 50-2021-CA-009628, in which Florida's Fifteenth Circuit determined that *Menendez*'s holding did not apply to Fla. Stat. § 627.70152. *See* ECF No. [11] at 5.

Defendant's arguments are unpersuasive. Even assuming Fla. Stat. § 627.70152 applies retroactively—an issue on which the Court expresses no opinion in this Order—the Complaint contains the necessary allegations to survive Defendant's challenge. As stated above, to survive a motion to dismiss, the Complaint must a contain a short and plain statement of the claim showing that Plaintiffs are entitled to relief, and "in pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c); *see*

*also Honick*, 2021 WL 4804446, at *1. According to the Complaint, "[a]ll conditions precedent to the filing of this lawsuit have occurred, have been waived or have been performed." ECF No. [1-2] at 4 ¶ 5. In *Honick*, the court determined that a similar allegation met the pleading requirements to survive a motion to dismiss. *See* 2021 WL 4804446, at *1 (refusing to address the retroactivity of Fla. Stat. § 627.70152 at the pleading stage and denying the defendant's motion to dismiss because the complaint alleged that all conditions precedent had been met). This Court also finds that the allegation in the Complaint that all conditions precedent have been met is sufficient. The Court further notes that Defendant's contention that Plaintiffs never filed the Notice, ECF No. [7] at 1, ¶ 3, is an external factual dispute that requires the Court to look beyond the four corners of the Complaint. The Court cannot do so when addressing the Motion to Dismiss. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).

Lastly, to the extent that the Parties dispute the retroactivity of the statute, the Court need not address such matters at the pleading stage of the proceedings. The Parties may, of course, raise the issue again at summary judgment.[2] At this stage, the Motion is denied.

## I.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, **ECF No. [7]**, is **DENIED**.
2. Defendant shall answer Plaintiffs' Complaint by no later than **February 3, 2022**.

---

[2] Further, the Court notes that under the Federal Rules of Civil Procedure, a plaintiff does not have an obligation to attach documents underlying its causes of action to the pleadings. *See* Fed. R. Civ. P. 10(c); *see also Honick v. Ace Ins. Co. of the Midwest*, No. 2:21-CV-637-SPC-NPM, 2021 WL 4804446, at *1-*2 (M.D. Fla. Oct. 14, 2021) (citing *U.S. ex Rel. Chabot v. MLU Servs., Inc.*, 544 F. Supp. 2d 1326, 1329 (M.D. Fla. 2008)). Because federal procedural law governs this case, Plaintiffs were not required to attach documents related to the pre-suit notice.

Case No. 21-cv-24062-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 21, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record